This bill has been filed by the administrator, with the will annexed, of the testator, against the devisees and legatees, to obtain the advice and direction of the Court in relation to his duties in the settlement of the estate. *Page 429 
It has been repeatedly declared by the Court that, upon such a bill, it will give no advice and direction upon any matter in which the executor is not interested as such. In the will now before us the whole estate of the testator is given to the widow for life, with certain limitations among the testator's brothers and sisters. The only question asked by the administrator with the will annexed, in which he is interested, is whether the widow can be required to give a bond as a security for the personal estate, which she takes for life only; and it is clearly settled that she cannot. See Williams on Executors, 1, 198. Unless a case of danger can be shown, she can only be called upon to sign and deliver to the executrix an inventory of the articles, admitting their receipt, expressing that she is entitled to them for life, and that afterwards they belong to the remaindermen. The assent of the executor to the legacy for life will vest the interest in remaindermen, which they must take means to protect, should they find that it is likely to be endangered by the act of the tenant for life. So any questions which may arise between the remaindermen as to their respective rights in the property must be settled in a suit among themselves, as the executor will have no interest in it, and will not be allowed to meddle with it.
A decree may be drawn in accordance with this opinion, but the plaintiff must pay the costs, as there was no necessity for his bill.
Cited: Bass v. Bass, 78 N.C. 375; Whitehead v. Thompson, 79 N.C. 454.
(652)